**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| **CONFLICT KINETICS, INC.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **DANIEL GOLDFUS,** ) | Civil Action No. 1:22cv00315-MSN-WBP |
| **BAGIRA SYSTEMS, LTD.,** ) | |
| **BAGIRA SYSTEMS USA, LLC,** ) | |
| and the **MINISTRY OF DEFENSE** ) | |
| **(ISRAEL)** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**JOINT STATUS REPORT OF PLAINTIFF CONFLICT KINETICS, INC. AND DEFENDANTS BAGIRA SYSTEMS, LTD. AND BAGIRA SYSTEMS USA, LLC**

COME NOW Plaintiff Conflict Kinetics, Inc. ("Plaintiff") and Defendants Bagira Systems, Ltd. and Bagira Systems USA, LLC, by their respective counsel, pursuant to the Court's Order dated February 28, 2024 (ECF No. 40), and submit the following joint status report.

**I.      Brief Statement of Prior District Court Litigation**

This action was initiated by Plaintiff on March 22, 2022, through the filing of a Complaint naming defendants Daniel Goldfus ("General Goldfus"), Bagira Systems, Ltd. ("Bagira Israel"), and Bagira Systems USA, LLC ("Bagira USA"). (ECF No. 1.) A predecessor complaint – separately docketed and alleging the same conduct, but not including Bagira USA as a named defendant – was dismissed without prejudice by Judge Ellis on December 29, 2022. *Conflict Kinetics, Inc. v. Goldfus*, 577 F. Supp. 3d 459 (E.D. Va. 2021). Judge Ellis in this first

1

proceeding found that dismissal was proper on *forum non conveniens* grounds (finding Israel to be the proper forum). At the time, Bagira Israel argued, but Judge Ellis did not reach in his ruling, multiple other alleged grounds for dismissal. Plaintiff did not appeal that *forum non conveniens* dismissal ruling. Instead, Plaintiff filed the instant action.

Plaintiff served Bagira Israel and Bagira USA with the initial Complaint (ECF No. 1). Prior to the due date for any responsive filing by Bagira Israel or Bagira USA, Plaintiff filed an Amended Complaint on May 16, 2022, thereby adding a fourth defendant, the Ministry of Defense (Israel) ("the MOD"). (ECF No. 7.) Plaintiff then served Bagira Israel and eventually Bagira USA[1] with the Amended Complaint.

Following briefing and argument on the motions to dismiss filed by Bagira Israel and Bagira USA (ECF Nos. 13-15, 20, 24), this Court dismissed Plaintiff's Amended Complaint with prejudice on September 2, 2022, finding issue preclusion/collateral estoppel barred Plaintiff's claims. (ECF No. 28.) This Court declined to rule on any of the alternative grounds for dismissal. No other defendant participated in that motions practice. The MOD was served with the Amended Complaint according to a proof of service filed by Plaintiff on August 24, 2022. (ECF No. 26.) No response or docketed action was taken thereafter by either Plaintiff or the MOD. Plaintiff has not served defendant General Goldfus at any point to date.

## II.    Fourth Circuit Appeal and Ruling

On appeal to the Fourth Circuit, Plaintiff sought reversal, referencing the addition of the two defendants Bagira USA and the MOD as distinguishing the *forum non conveniens* analysis. Bagira Israel and Bagira USA sought affirmance. In a split unpublished opinion, the Fourth

---

[1] Plaintiff served Bagira USA with the Amended Complaint after Bagira Israel had already filed its motion papers. (ECF Nos. 13-15.) Bagira USA thus joined in Bagira Israel's motion. (ECF No. 20.)

Circuit reversed and remanded the case back to this Court (Unpublished Opinion docketed in this action as ECF No. 37).

### III. Status of Action and Proposed Litigation Schedule as to Motion to Dismiss

Following the Fourth Circuit's ruling to reverse and remand, and Mandate issuance (ECF No. 39), this Court issued its February 28, 2024 Order. That Order directed the undersigned parties to submit this filing—specifically: "a joint report regarding the status of this action upon remand, including a proposed litigation schedule." (ECF No. 40.)

The Plaintiff, Bagira Israel, and Bagira USA agree that in light of the Fourth Circuit's ruling, the next step is for this Court to consider any remaining grounds for dismissal advanced by Bagira Israel and Bagira USA but left unresolved by the Court of Appeals.

The parties are unable to agree on how these issues should be resolved. Therefore, they present the following alternative proposals:

#### A. Plaintiff's Position as to Requested Litigation Schedule

Plaintiff maintains that a briefing and hearing schedule should be set by this Court to permit consideration of any grounds for dismissal that remain following the Fourth Circuit's ruling.

#### B. Bagira Israel and Bagira USA's Position as to Requested Litigation Schedule

Bagira Israel and Bagira USA (an inactive and dissolved entity) are the only named defendants that have been served and entered an appearance in this matter. Plaintiff has not substantiated an ability to bring the MOD or Israeli Brigadier General Goldfus within this Court's jurisdiction to consider their respective arguments for dismissal.

Even so, this action against Bagira Israel and Bagira USA can be dismissed on the other grounds for dismissal (*i.e.,* aside from issue preclusion/collateral estoppel) advanced in the

motion papers previously filed with the Court and considered in rendering the original judgment. Indeed, the Fourth Circuit's Opinion above expressly contemplates that this Court consider "in the first instance" on remand "the numerous alternative bases for dismissal articulated by the defendants" in their original motions filings. More specifically, the Fourth Circuit made plain that dismissal of Bagira USA on Rule 12(b)(6) grounds and disposal of the remaining claims on *forum non conveniens* grounds is a legally cognizable means of disposing of this case on remand:

> We share the defendants' concern about parties attempting to circumvent and relitigate a district court's previous judgment. But issue preclusion is not the device for disposing of insufficient allegations. District courts have other tools to manage that problem, such as dismissal for failure to state a claim. *See, e.g., Scot. Air Int'l, Inc. v. Brit. Caledonian Grp., PLC*, 81 F.3d 1224, 1234-1235 (2d Cir. 1996) ("[A] district court may dismiss part of a lawsuit [for forum non conveniens] while deciding the merits of other issues" because "a contrary rule would reduce the flexibility of the doctrine and would allow litigants to skew the [forum non conveniens] analysis by joining claims that lack merit."); *Su v. M/V S. Aster*, 978 F.2d 462, 467, 472 (9th Cir. 1991) (affirming judgment dismissing some claims under Rule 12(b)(6) and the others under forum non conveniens). Recognizing this, the defendants ask us to undertake the Rule 12(b)(6) analysis on appeal. We decline the invitation. In view of the numerous alternative bases for dismissal articulated by the defendants, we remand for the district court to decide those questions in the first instance.

(ECF No. 37 at 8-9.) The grounds for such a ruling are amply stated in the parties' various filings. There is no cause for the parties to incur further expenditure of time and legal fees.

For these reasons, Bagira Israel and Bagira USA propose that the Court abide by the Fourth Circuit's ruling to adjudicate the remaining grounds for dismissal, which Bagira Israel and Bagira USA submit can be accomplished on the papers already filed with the Court. (*See* ECF Nos. 13-15, 18, 20, and 24.)

Dated:  March 13, 2024

Respectfully submitted,

| | |
|---|---|
| __/s/_____<br>Milton C. Johns, VSB No. 42305<br>**Executive Law Partners PLLC**<br>11130 Fairfax Blvd., Suite 303<br>Fairfax, VA  22030<br>T: (571) 500-1010<br>F: (571) 408-8102<br>mjohns@xlppllc.com<br><br>*Counsel for Conflict Kinetics, Inc.* | __/s/_____<br>Mark H. Churchill, VSB No. 42663<br>**Holland & Knight, LLP**<br>1650 Tysons Blvd., Suite 1700<br>Tysons, VA 22102<br>(P) 703.720.8600<br>(F) 703.720.8610<br>mark.churchill@hklaw.com<br><br>*Counsel for Bagira Systems, Ltd.<br>and Bagira Systems USA, LLC* |